IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ERNEST C. TOSH,** | : |
| **LAW OFFICES OF ERNEST C. TOSH**<br>**2709 Thorne Lane**<br>**Grapevine, TX 76051** | : <br> : <br> : |
| and | : |
| **DAVID T. MARKS** | : |
| **MARKS, BALETTE, GIESSEL**<br>**& YOUNG, P.L.L.C.**<br>**7521 Westview Drive**<br>**Houston, TX 77055** | : <br> : <br> : <br> : |
| **Plaintiffs,** | : |
| v. | :     Civil Case No.: |
| **UNITED STATES CENTERS FOR**<br>**MEDICARE & MEDICAID SERVICES,** | : <br> : |
| **7500 Security Blvd.**<br>**Baltimore, MD 21244** | : <br> : |
| and | : |
| **UNITED STATES DEPARTMENT**<br>**OF HEALTH AND HUMAN SERVICES,** | : <br> : |
| **200 Independence Ave., SW**<br>**Washington, DC 20201** | : <br> : |
| **Defendants.** | : |

**COMPLAINT**

Plaintiffs Ernest C. Tosh ("Tosh") and David T. Marks ("Marks") (collectively, "Plaintiffs") bring this action under the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"), to compel disclosure of records wrongfully withheld from public disclosure by the United States

Centers for Medicare & Medicaid Services ("CMS") and the United States Department of Health and Human Services ("HHS") (collectively, "Defendants").

**PARTIES**

1. Plaintiff Tosh is the sole proprietor of the Law Offices of Ernest C. Tosh, located at 2709 Thorn Drive, Grapevine, TX 76051. In the course of representing elderly clients across the country regarding matters of nursing home abuse and neglect, he has from time to time filed FOIA requests with CMS.

2. Plaintiff Marks is a partner in the law firm of Marks, Balette, Giessel & Young, P.L.L.C., located at 7521 Westview Drive, Houston, TX 77055. In the course of representing elderly clients across the country regarding matters of nursing home abuse and neglect, he has from time to time filed FOIA requests with CMS.

3. Defendant HHS is an agency of the United States Government and is headquartered at 200 Independence Ave., SW, Washington, DC 20201. HHS is an agency within the meaning of 5 U.S.C. § 552(f)(1). Upon information and belief, HHS has possession, custody and control of the records whose disclosure Plaintiffs seek to compel.

4. Defendant CMS is a subdivision of HHS, and is headquartered at 7500 Security Blvd., Baltimore, MD 21244. CMS is an agency within the meaning of 5 U.S.C. § 552(f)(1). Upon information and belief, CMS has possession, custody and control of the records whose disclosure Plaintiffs seek to compel.

**Jurisdiction**

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202. *See also* Fed. R. Civ. P. 65.

## Venue

6. Venue in the United States District Court for the District of Columbia is proper under 5 U.S.C. § 552(a)(4)(B), and under 28 U.S.C. § 1391(e).

## FACTS

### Plaintiffs' 2017 FOIA Requests and Litigation

7. Plaintiffs are attorneys who represent nursing home residents across the country who have been injured or endangered as a result of neglect caused by nursing homes' understaffing. Plaintiffs also represent or work with States and local district attorneys in the civil prosecution of understaffing cases, and advocate on behalf of nursing home residents in other ways as well.

8. Previously, Plaintiff Tosh and Plaintiff Marks each submitted a FOIA request to CMS seeking disclosure of de-identified copies of nationwide Minimum Data Set assessments, reports that are periodically submitted to CMS by nursing homes for every resident, and that include comprehensive data on both the resident's acuity and the resident's consequent required care ("Plaintiffs' 2017 Requests"). Plaintiffs sought these records in order to facilitate their analysis of (1) whether particular nursing homes have been appropriately staffed to provide adequate care to their resident populations, (2) the magnitude of a particular nursing home's understaffing based on its unique workload and staffing in comparison to state and national data, (3) whether CMS is adequately enforcing its existing regulations and requirements with respect to such institutions, and (4) whether additional resources need to be provided to CMS to ensure that such conditions are not allowed to continue to endanger nursing home populations.

9. These were not the first FOIA requests for MDS data that Plaintiff Tosh and Plaintiff Marks had submitted to CMS. Yet, despite the fact that CMS previously had disclosed

3

to Plaintiffs and others a variety of MDS assessment data, for reasons unknown to Plaintiffs CMS changed its policy and began a course of stonewalling Plaintiffs on their 2017 FOIA Requests. In contrast to its former practice of disclosing MDS data, and in violation of FOIA's requirement that agencies respond substantively to disclosure requests within twenty working days, or thirty working days in the event of exceptional circumstances, Plaintiff Tosh's request languished without action by CMS for **285 days**, and Plaintiff Marks' request for **216 days**, including CMS's failure to timely consider Plaintiffs' administrative appeal.

10. Faced with CMS' inordinate delays in processing Plaintiffs' 2017 FOIA Requests, and Defendants' subsequent failure to act on Plaintiffs' administrative appeal within the statutorily mandated period, Plaintiffs brought suit in this Court on April 18, 2018, to compel disclosure of de-identified copies of all of the requested MDS assessment records. *See Tosh, et al v. United States Centers for Medicare & Medicaid Services, et al.*, Case No. 1:18-cv-00915 (filed April 18, 2018).

**The 2018 FOIA Request and This Litigation**

11. On March 13, 2018, Plaintiffs filed a FOIA request with CMS aimed at determining whether CMS's reversal of its prior policy regarding disclosure of MDS data, and its refusal to release MDS assessments records in response to Plaintiffs' 2017 FOIA Requests, resulted from, or was influenced by, pressure from nursing home industry representatives or others acting at their behest (the "2018 FOIA Request"). The 2018 FOIA Request sought disclosure of all agency records related to communications between third parties and CMS concerning disclosure to the public of MDS assessments or data. See Exhibit A.

12. Specifically, Plaintiffs sought disclosure of two categories of records. The first category included:

4

> For the period of July 1, 2016 to the present, all documents constituting or reflecting communications with Third Parties concerning: (a) whether Centers for Medicare and Medicaid Services ("CMS") or any other federal agency or office, or contractor or agent thereof, should disclose Minimum Data Set ("MDS") reports or data, in whole or in part, in any format, to members of the public, including without limitation, disclosure to litigants or their attorneys; or (b) the format in which such MDS reports or data should be disclosed to the public, including whether such materials should be redacted or de-identified and the scope of said redactions or de-identification.

See Exhibit A.

13. The second category of records requested in the Current FOIA Request included:

> For the period of July 1, 2016 through the present, (a) FOIA requests made by Third Parties ("Third Party Requests") that sought or seek disclosure of: (i) FOIA requests previously made by Ernest C. Tosh or the Law Offices of Ernest C. Tosh for MDS data or reports, and/or documents relating thereto; (ii) FOIA requests previously made by David T. Marks or the law firm Marks, Balette, Giessel & Young, P.L.L.C., for MDS data or reports, and/or documents relating thereto; and/or (iii) FOIA requests previously made by Lesley Ann Clement or the law firm Clement & Associates for MDS data or reports and/or documents relating thereto; and (b) all CMS responses to, and correspondence regarding, such Third Party Requests.

14. CMS sent an acknowledgement of receipt of the 2018 FOIA Request on March 15, 2018, and assigned the Control Number "031420187028" and the PIN "4KY5". See Exhibit B.

15. It has been 29 business days since CMS received the 2018 FOIA Request.

16. However, CMS has neither disclosed the records requested in the 2018 FOIA Request nor sent written correspondence to Plaintiffs indicating whether all, or particular parts, of the requested records would be disclosed, the ground(s) for withholding any parts of the requested records claimed to be exempt from disclosure, and the time within which such records would be disclosed.

17. Nor has CMS sent any written notice pursuant to 5 U.S.C. § 552(a)(6)(B)(i) of asserted "unusual circumstances" that would justify extending the time limit within which it may respond to the 2018 FOIA Request.

18. Indeed, CMS has not provided any response to the 2018 FOIA Request save for the acknowledgement it sent on March 15, 2018.

19. CMS's failure to respond to Plaintiffs' 2018 FOIA Request within the statutory time period constitutes a constructive denial of the request, and Plaintiffs are not required to submit an administrative appeal to exhaust their administrative remedies.

## COUNT I – FOIA VIOLATION
### (FAILURE TO TIMELY RESPOND)

20. Plaintiffs reallege paragraphs 1 through 16 as if repeated herein.

21. FOIA requires that an agency respond to a valid request for disclosure of records within twenty (20) business days or, in "unusual circumstances", within thirty (30) business days of its receipt of the request. 5 U.S.C. §552(a)(6)(A)-(B). *See also* 42 CFR §§401.136(b), 401.140(b)(1) (CMS rules implementing FOIA time limits).

22. Defendants violated FOIA Section 552(a)(6)(A)-(B) and their own rules because they failed, within the time period required by the Act and the rules, to (a) disclose the requested records or (b) provide a written response to Plaintiffs' 2018 FOIA Request stating whether all, or particular parts, of the requested records will be disclosed, the ground(s) for withholding any parts of the requested records claimed to be exempt from disclosure, and the time within which records will be disclosed.

23. The Court should enter an injunction pursuant to 5 U.S.C. § 552(a)(4)(B) enjoining Defendants from unlawfully withholding the requested agency records, and should order the disclosure of all records improperly withheld.

6

## COUNT II – FOIA VIOLATION
## (FAILURE TO DISCLOSE)

24. Plaintiffs reallege paragraphs 1 through 20 as if repeated herein.

25. The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(3)(A), requires that "... each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place and fees (if any), and procedures to be followed, shall make the records promptly available to any person."

26. The 2018 FOIA Request reasonably describes the requested records, and was made in accordance with published agency rules. The records identified in the 2018 FOIA Request are easily reproducible in the format requested.

27. Defendants refusal, or failure, to disclose the requested records to Plaintiffs violated FOIA, 5 U.S.C. § 552(a)(3)(A), and applicable agency regulations promulgated thereunder.

28. The Court should enter an injunction pursuant to 5 U.S.C. § 552(a)(4)(B) enjoining Defendants from unlawfully withholding the requested agency records, and should order the disclosure of all records improperly withheld.

## REQUESTED RELIEF

1. Order CMS to immediately process the 2018 FOIA Request;

2. Order CMS to promptly disclose to Plaintiffs all of the requested records without any redactions;

3. Award Plaintiffs their costs and reasonable attorney fees incurred in this action, pursuant to 5 U.S.C. §552(a)(4)(E); and

4. Grant Plaintiffs such other relief as the Court may deem appropriate.

April 23, 2018                                             Respectfully submitted,


                                                           */s/ Patrick J. Curran Jr.*
                                                           Burt Braverman
                                                           D.C. Bar No. 178376
                                                           Patrick J. Curran Jr.
                                                           D.C. Bar No. 1026302
                                                           **DAVIS WRIGHT TREMAINE, LLP**
                                                           1919 Pennsylvania Ave. NW, Suite 800
                                                           Washington DC 20006
                                                           Telephone: 202-973-4210
                                                           Facsimile: 202-973-4410
                                                           burtbraverman@dwt.com
                                                           patcurran@dwt.com

                                                           *Attorneys for Plaintiffs*